# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| RANDALL K. MUSICK OBO ) <br> ANGELA B. WATSON (MUSICK) ) <br> DECEASED, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> **Acting Commissioner of** ) <br> **Social Security,** ) <br> Defendant ) | Civil Action No. 1:12cv00073 <br><br> **REPORT AND** <br> **RECOMMENDATION** <br><br> By: PAMELA MEADE SARGENT <br> United States Magistrate Judge |

Plaintiff's counsel in this social security case seeks an award of an attorney's fee pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The plaintiff, Randall K. Musick O/B/O Angela B. Watson (Musick) Deceased, filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act. The Commissioner of Social Security answered and both parties moved for summary judgment on the basis of the administrative record. Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2011) (Docket Item No. 21). Plaintiff's counsel filed a timely motion for an award of an attorney's fee in the amount of $1,852.50 pursuant to the EAJA. (Docket Item No. 22) ("Motion"). The Commissioner responded to the Motion,

stating no objection to the requested amount of attorney's fee.  (Docket Item No. 23).

Under the EAJA, the court must award an attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2013). Musick is the "prevailing party" because of the remand pursuant to "sentence four" or 42 U.S.C. § 405(g).  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  The government has the burden of showing that its position was justified.  *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I recommend that the court find that the plaintiff is entitled to an award of EAJA fees.  However, for the reasons that follow, I further recommend that the court award a fee in an amount less than that requested.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006 & Supp. 2013).

Musick's counsel has submitted an itemized record of attorney time expended in this case, showing a total of 14.25 hours.  (Docket Item No. 22).  As

stated above, the Commissioner has not objected to the award of attorneys' fees. However, using this court's case of *Chapman v. Astrue* as guidance, I find that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.25 hours of attorney time for preparation of the letter, original and four copies of the Complaint, Civil Cover Sheet and application to proceed in forma pauperis. Counsel also claims .25 hour of attorney time for completion of service by the court's CM/ECF system. I recommend allowing 1.00 hour of paralegal time and .25 hour of attorney time for these activities combined. Plaintiff's counsel claims .25 hour of attorney time for placing a telephone call to this court regarding the filing of an Amended Complaint, then preparing and filing this Amended Complaint electronically. I

recommend allowing .25 hour of paralegal time for this. Plaintiff's counsel claims .25 hour of attorney time for receipt of the Answer, .25 hour of attorney time for receipt of the Briefing Order, .25 hour of attorney time for receipt of the Magistrate Notice to Counsel with Consent and .25 hour of attorney time for receipt of the Administrative Transcript. I recommend allowing .25 hour of attorney time for all of these activities combined. Plaintiff's counsel claims .25 hour of attorney time for filing a letter with this court, enclosing the signed consent to magistrate judge jurisdiction, .25 hour of attorney time for filing a Motion for Extension of Time and .25 hour of attorney time for receipt of the Order granting this extension. I recommend allowing .25 hour of attorney time and .50 hour of paralegal time for these activities combined. Plaintiff's counsel claims 1.00 hour of attorney time for review of the record and preparation of the Summary Judgment Brief and 4.25 hours for review and preparation of research, drafting the Brief and Motion for Summary Judgment and review of the case in detail. Plaintiff's counsel also claims .25 hour of attorney time for electronically filing the Motion for Summary Judgment and Brief. I recommend allowing 3 hours of attorney time and 1.5 hours of paralegal time for these activities combined. Plaintiff's counsel claims 1.00 hour of attorney time for receipt and review of the Commissioner's Summary Judgment Motion and Brief and .25 hour of attorney time for receipt of the Order of Referral to the Magistrate Judge. I recommend allowing 1.00 hour of attorney time for these activities combined. Plaintiff's counsel claims .25 hour of attorney time for receipt of the Report and Recommendation by the Magistrate Judge recommending remand and .25 hour of attorney time for receipt of the judgment remanding the case. I recommend allowing .25 hour of attorney time for these activities combined. The judgment recommending remanding the case is a mere one page in length. Lastly, plaintiff's counsel claims 2.5 hours for preparation of the EAJA petition, including reviewing the file in detail for times and dates. I

recommend allowing .50 hour of attorney time and 1 hour of paralegal time for this activity.

Based on the above reasoning, I recommend that the court not award the $1,852.50 in attorneys' fees requested by plaintiff's counsel. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 5.5 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $687.50 in compensable attorney time. The remaining nonattorney activities total 4.25 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $318.75. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,006.25[1]

**RECOMMENDED DISPOSITION**

---

[1]Plaintiff's counsel initially requested a fee of $1,852.50, reflecting a total of 14.25 hours at $130.00 per hour. Although the Commissioner does not object to the award of attorneys' fees or to the amount sought by plaintiff's counsel, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Counsel has offered no evidence to justify an hourly rate higher than $125.00 an hour in this case.

For the foregoing reasons, I recommend that the Motion be granted, but that attorneys' fees under the EAJA in the reduced amount of $1,006.25 be awarded to plaintiff's counsel. Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has recently ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff,* 130 S. Ct. 2521, 2529 (2010). Thus, I recommend that attorneys' fees in the amount of $1,006.25 be paid directly to the plaintiff and sent to the business address of plaintiff's counsel. However, I further recommend that full or partial remittance of the awarded attorney's fee be contingent upon a determination by the government that plaintiff owes no qualifying, preexisting debt(s) to the government. If such debt(s) exists, I recommend allowing the government to reduce the awarded attorney's fee to the extent necessary to satisfy such debt(s).

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: February 7, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE